**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| FREDRICK CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:26-cv-355 |
| | ) | |
| DEIDRE MONROE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Fredrick Curtis, proceeding *pro se*, filed a complaint and a motion to proceed *in forma pauperis*. [DE 1; DE 2.] Because Curtis wishes to proceed *in forma pauperis*, his complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 37 (applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits). Courts apply the same legal standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Curtis' complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Moreover, as Curtis is proceeding *pro se*, the court will liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Curtis' complaint fails to state a claim under § 1915(e)(2)(B)(ii). Curtis used the Northern District of Indiana's civil complaint form but did not follow its instructions. He names seventeen defendants, includes no facts in the "claims and facts" section and does not specify what relief he is seeking in the "relief" section. [DE 1.] He then attaches a two-page written document that he refers to as a "letter too [*sic*] the Supreme Court's [*sic*]." [DE 1-1.] In that letter, he states that Indiana Judge Deidre L. Monroe violated his First Amendment rights "by not allowing me to higher [*sic*] my own attorney." *Id.* He also complains that the judge had a bench trial in his case instead of a jury trial like he wanted, and that he was "locked up with no bond for 7-8 months." *Id.* He then asks the Court "to get the court transcript," "look into case number 45HO3-2604-cm-000350" and provides contact information for two attorneys and asks that the Court "contact both attorneys." *Id.* At the end of the letter, he states that an unspecified "they" dislocated his

wrist. *Id.* He then attaches various documents, including insurance claim paperwork, police reports involving domestic violence and vehicle collisions, and medical records.

First, it is not the duty of the Court to investigate claims and collect relevant documents for a plaintiff, even one proceeding *pro se*; that duty belongs to the plaintiff themselves. *Schaffer v. Chicago Police Officers*, 120 F.R.D. 514, 516 (N.D. Ill. 1988) ("*Pro se* plaintiffs also have a duty to investigate the factual basis of their lawsuit.") (citing *Shrock v. Altru Nurses Registry*, 810 F.2d 658, 661-62 (7th Cir. 1987). Second, from his letter and the documents provided, it is not clear what legal proceeding was taking place before Judge Monroe, or how some of the seventeen listed defendants relate to the lawsuit at all.

Third, while it is unclear exactly what he is asking for, his vague claim that Judge Monroe violated his rights by not giving him a jury trial appears to be barred by the Rooker-Feldman doctrine. *Martin v. Heuer*, 2012 WL 1862325, at *1 (7th Cir. 2012) (affirming dismissal of *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because "Martin's claims against Judges Laur and Heuer amount to attacks on the state-court judgment against Martin, and the district court correctly concluded that it lacked jurisdiction over those claims under *Rooker–Feldman*"); *Powell v. U.S. Bank Na. Ass'n*, 2024 WL 3812292, at *1 (7th Cir. Aug. 21 2024) (stating that the Rooker-Feldman "doctrine bars federal district courts from hearing cases brought by state court losers who complain of injuries caused by state-court judgments and seek review and rejection of those judgments."). Indeed, it is not clear whether Curtis even meant to file this in the

Northern District of Indiana, as his letter's very first line states that it is a letter to the Supreme Court. [DE 1-1.]

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). In an effort to allow him to clarify his claims, such as exactly what relief he is seeking, how all of the defendants relate to this claim, and the circumstances surrounding his dislocated wrist, I will grant him leave to amend.

For these reasons, the Court:

(1) GRANTS Fredrick Curtis until September 21, 2026 to file an amended complaint addressing these deficiencies; and

(2) CAUTIONS Fredrick Curtis that if he does not amend by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: August 20, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE