**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| FREDRICK CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:26-cv-355 |
| | ) | |
| DEIDRE MONROE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Fredrick Curtis, proceeding *pro se*, filed his original complaint and a motion to proceed *in forma pauperis*. [DE 1; DE 2.] Because Curtis wishes to proceed *in forma pauperis*, his complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 37 (applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits). Courts apply the same legal standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in his favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Moreover, as Curtis is proceeding *pro se*, the court will liberally construe his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Curtis' original complaint, which named seventeen defendants, failed to state a claim. As I stated in my order on August 20, 2026, while Curtis used the Northern District of Indiana's civil complaint form, he included no facts in the "claims and facts" section and did not specify what relief he was seeking in the "relief" section. [DE 3.] He then attached a letter stating that Indiana Judge Deidre L. Monroe had violated his rights through her judgments. *Id.* The letter also included some vague ancillary comments that appeared to be an attempt to state additional claims, such as a vague statement that "they" dislocated his wrist, and failed to discuss how many of the listed defendants related to the lawsuit at all. *Id.*

As I explained to Curtis in my previous opinion, under the Rooker-Feldman doctrine, I cannot review and offer him relief from injuries he alleges he sustained from state court judgments. *Martin v. Heuer*, 2012 WL 1862325, at *1 (7th Cir. 2012) (affirming dismissal of *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because "Martin's claims

against Judges Laur and Heuer amount to attacks on the state-court judgment against Martin, and the district court correctly concluded that it lacked jurisdiction over those claims under *Rooker–Feldman*"); *Powell v. U.S. Bank Na. Ass'n*, 2024 WL 3812292, at *1 (7th Cir. Aug. 21 2024) (stating that the Rooker-Feldman "doctrine bars federal district courts from hearing cases brought by state court losers who complain of injuries caused by state-court judgments and seek review and rejection of those judgments.").

Because Curtis' complaint was vague as to how many of the defendants related to his claims and contained ancillary issues, such as his injured wrist, that could potentially be the basis for a claim, I gave him an opportunity to amend his complaint. *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) ("Leave to amend is to be 'freely given when justice so requires.'") (citations omitted)). Two weeks later, Curtis filed his amended complaint. [DE 4.] An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the amended complaint "must stand on its own, without reference to any previous pleading." *McWilliams v. Unknown Defendants*, 2022 WL 1773376, at *2 (S.D. Ill. June 1, 2022).

It is difficult to make sense of Curtis' amended complaint. It is not done on the Northern District of Indiana's civil complaint form and is instead a four-page free form document followed by two exhibits showing police cars in a parking lot. [DE 4.] Curtis' amended complaint does not have a list of defendants, but he states that "this amended complaint is addressing Judge Deidre Monroe." *Id.* He goes on to assert again that

Judge Monroe mismanaged his case in various ways and made decisions that violated his rights. As I explained in my previous order, to the extent he is attempting to state a claim against Judge Monroe for state court judgments, his claims are barred by the Rooker-Feldman doctrine. Judge Monroe will be dismissed from this case at this time.

On the last two pages of his amended complaint, however, he switches to making various allegations against "the Gary police officer." *Id.* He claims a Gary police officer "tryed [*sic*] to bully me + intimidate me[.]" *Id.* He further alleges that he has injuries to his shoulders and his wrist (which required surgery) that is "due to police brutality." *Id.* This appears to be an attempt to state a claim against an officer in the Gary Police Department. However, he does not provide facts regarding the circumstances during which these injuries arose, when the injuries happened, or what officers were involved. "The Court reminds Plaintiff that a successful complaint generally alleges 'the who, what, when, where, and how….'" *McWilliams*, 2022 WL 1773376, at *2 (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). "If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation" (*e.g.*, John Doe 1 (police officer)). *Id.* It is also unclear if he is attempting to sue the City of Gary in addition to an individual officer.

"Leave to amend is to be 'freely given when justice so requires.'" *Liu*, 191 F.3d 794 (citation omitted). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). While Judge Deidre Monroe will be dismissed from this case, I will give Curtis another opportunity to amend his complaint to state a claim against the individual officer or officers he alleges caused his injuries. I

advise Curtis to clearly state the names of the defendants he is seeking to sue (or use a Doe designation, as described above), the circumstances surrounding his injuries, and when and where they occurred.

For these reasons, the Court:

(1) DISMISSES Deidre Monroe from this case.

(2) GRANTS Fredrick Curtis until October 14, 2026, to file an amended complaint addressing the deficiencies described above as they relate to his allegations against officers of the Gary Police Department.

(3) CAUTIONS Fredrick Curtis that if he does not amend by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: September 12, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE